## John H. Graham v. John Swayne.

One who retains money, deposited in his hands as sheriff, after he has ceased to act as such, will continue subject to the summary process provided by law for the benefit of suitors where such officers are concerned. By retaining the money, which he might have deposited in court, he keeps up his official relation with that tribunal.

Where in a suit by attachment, an intervenor establishes his claim to the property seized, the costs must be borne by the party cast. But where, in such a case, by an agreement between the parties, including the intervenor, the property, being of a perishable nature, is sold, and the proceeds deposited to await the decision, the sheriff will be entitled to retain out of the proceeds, the expenses of the sale, and of the safe keeping of the property from the date of such agreement. The agreement was for the benefit of all: and the sheriff was their agent to carry it into effect. The intervenor must look to the plaintiff for reimbursement.

Jacques Charbonnet is appellant from a judgment of the District Court of the first district, *Buchanan*, J., ordering him to pay over certain moneys collected by him as former sheriff of the court. The judgment was rendered on a rule to show cause, taken on Charbonnet by Joshua Swayne, who had intervened and established his claim to the property in contest; and the former appealed.

*F. B. Conrad*, for the appellant. The court erred : 1. In overruling the exception of Charbonnet to the mode of proceeding by rule. The latter having ceased to be sheriff, could no longer be considered an officer of the court. The remedy of the intervenor was by an action in the ordinary form. 2. In not allowing the appellant all his expenses subsequent to the agreement for the sale.

*Peyton*, for the intervenor. One who retains money received by him while sheriff, will continue amenable to the summary process

Graham *v.* Swayne.

of the court. The intervenor is entitled to the full amount for which his property sold; the officers must look to the plaintiff for their costs.

MORPHY, J. On the 2d of December, 1834, the plaintiff sued out a writ of attachment against the defendant, a non-resident, which was levied on two flat boats, then lying in the parish of Jefferson, in front of the city of Lafayette, loaded with clap boards, lumber, and scantling; two days after, Joshua Swayne intervened, claiming the property attached as his, and damages for the wrongful seizure of it. On the tenth of the same month, the plaintiff, the intervenor, and the attorney appointed to represent the absent defendant, entered into a written agreement, which sets forth that by reason of the perishable nature and exposed situation of the property attached, and of the expenses attending the custody of the same, the said parties agree and consent that the cargoes of these flat boats be landed by the sheriff of Jefferson, divided into lots conveniently formed to favor an advantageous sale, and sold by him, after the usual advertisements in the parish of Jefferson, and in two of the newspapers of New Orleans, for cash; and that the proceeds remain deposited in the hands of the said sheriff, to await the decision of the suit. Under this agreement, and an order of court obtained upn it, the property attached was sold, and brought the sum of $514. After a long course of litigation, the contest in relation to the ownership of these boats, having been decided in favor of the intervenor, in February, 1839, he took a rule on Jacques Charbonnet, formerly the sheriff of the parish of Jefferson, to show cause why he should not pay over to him the proceeds of the sale made under the order of court, as above stated. To this rule J. Charbonnet excepted, on the ground that having ceased to hold the office of sheriff for about three years, he was not amenable to the court below in this summary way, but should have been cited as in an ordinary suit; and for further answer he averred, that with the consent and at the instance of the intervenor, he had become responsible for and paid a large sum of money, which he had a right to retain, and that he has always been ready and willing to pay the balance over to him. The judge *a quo* made the rule absolute for $171 72, the balance remaining after deducting from the proceeds of the property sold, $237 paid by the sheriff on execution, to the

Graham *v.* Swayne.

hands of the boats for their wages, and $125 28, for the commission, advertising and other expenses, occas·oned by the sale.

Both parties complain of this decree, the former sheriff contends that his exception to the manner in which he was brought into court was erroneously overruled, and that the judge improperly disallowed a charge of $75, which he expended for the safe keeping of the boats and their cargoes up to the day of the sale. The appellee, on the other hand, prays that the judgment be amended so as to allow him the $514, the amount of the sale, free from any costs or charges, all which, he urges, should be borne by the plaintiff, who was cast in the suit.

The judge, in our opinion, correctly overruled the exception insisted upon by the appellant. For any moneys remaining in his hands, in his late official capacity, he continued to be subject to the summary process, provided by law for the benefit of suitors in such cases, although he had ceased for some time to hold his office. By retaining this money, which he might have deposited in court when he resigned, he kept up his official relation to the court which rendered the judgment. He continued to act as sheriff,· *quoad hoc,* and has no right to complain of a mode of pursuit, to which he has voluntarily subjected himself.

As to the costs and charges, detailed in the late sheriff's statement returned into court, all the items in it are admitted to be correct, but the intervenor urges that as he succeeded in proving his ownership of the property attached, he is entitled to receive its entire proceeds, and that the late sheriff must look to the plaintiff for the payment of his costs, which in all cases, under the Code of Practice, must be borne by the party cast. This, we believe to be true, in relation to the general costs in the suit, which have not been deducted by the judge from the proceeds decreed to be paid over to the intervenor; but as regards the expenses and charges incidental to the sale of the flat boats and their cargoes, and incurred subsequently to, and under the agreement, by virtue of which the court ordered them to be sold, it appears to us, that the sheriff is entitled to retain their amount out of the funds in his hands, and that the intervenor must himself look to the plaintiff for their reimbursement to him. The sale thus made by consent, was for the mutual benefit of the parties, and the sheriff was their agent

to carry it into effect. The judge below, having apparently adopted this distinction, which we believe to be a correct one, it is not easy to perceive why he disallowed the expense incurred for the safe keeping of the property from the date of the agreement up to the day of the sale. This disbursement was a necessary one, as the thing in dispute consisted of articles which could easily have been carried away, if not properly taken care of; it is one, moreover, sanctioned by law, and being for the preservation of the property, must be paid out of its proceeds. Code of Pr., arts. 283, 659, 661. Civ. Code, art. 3191. This item, which for the time above specified, would amount to $55, should have been allowed.

It is therefore ordered that the judgment of the district court be so amended as to make the rule absolute only for the sum of one hundred and sixteen dollars and seventy-two cents, which the late sheriff of the parish of Jefferson, Jacques Charbonnet, is hereby decreed to pay the intervenor, with costs below; those of this appeal to be borne by the appellee.